Thank you, Your Honor. May it please the Court, my name is Dan Goldberg, and I represent Caesar Vaca in this appeal. I plan to focus my attention on Issue 1. However, if this Court has questions about Issue 2 or 3, please erupt any time. I'm happy to answer those questions. The government asked this panel to become the first in the Eighth Circuit to affirm the use of a prior conviction under Rule 404B that occurred over 22 years before the charge I think this panel should decline that invitation for a number of reasons. I'd first like to turn to the intrinsic evidence the government raises for the first time in appeal. I don't think it should detain this Court because the government has waived it, and I think they raise it because they know that their 404B argument is shaky. The reason why they waived it... Well, I don't think it's 404B evidence, not because it's intrinsic. I'm sorry, Your Honor, so you don't think it's 404B evidence because why? Because it goes... Because it's relevant to... It's relevant to impeaching a false exculpatory statement. I see your perspective on that. Of course, I'm going to respectfully disagree, and let me explain why. I think what it relies on is this sort of negative inference, that any time a policeman brings you into an interrogation room and asks you a bribe-based question, you're somehow exculpating yourself. I just don't think that's the case. Let's say let's tweak this. Let's say the police brought my client in and said, hey, have you ever been convicted of a crime? He's nervous, right, because they've told him there's a warrant out for his arrest, and he says no. Does every single one of his convictions then come in as a false exculpatory statement? I don't think so. It depends whether they cast... whether they have probative value on the question. And that's the thing, is it doesn't have probative value without that propensity reasoning. It's just negative propensity reasoning when you get to it, and you go to the... Is it propensity? I mean, you know, I got to say that I was thinking about the case the exact same way, which is that he made an exculpatory statement, and he said, I've never done this. I've never had drugs. Turns out, he's not only had drugs, he pleaded guilty to having drugs. That seems to me to be completely aside from propensity. You're calling it propensity, but that has nothing to do with propensity at all. It's merely to impeach that statement. Right. So the firearm conviction, though, that's what we're concerned about, is this firearm conviction under Rule 404B evidence. And I get the idea that there should be this sort of backdoor for his statement. I just think it's extremely stale, and there's no dispute that this court has never affirmed such stale evidence. Then that's a 701 issue, right? That's a 404B evidence issue. That's where you're portraying it. Right. And so you're saying... If you say it's not relevant because it's stale, that's not a 404B issue. I think there's a close in time requirement under 404B, right? Yeah. A prior bad act that doesn't... If it's... I see what you're saying, but you're, of course, inverting the rule of inclusion precedence. Right. I just think there's a lot of strong case law in this case. That's undisputed. Where other prior convictions, you have the Mihaly-Urby case, 16 years old is too old. The Aldridge case, 19 and 20 years old is too old. The Bowman case, 21 years is too old. And let's just tweak the facts again. Let's say it's a seven-year-old man that's charged with shooting his law partner, okay? And he's asked the same question. Have you ever owned a firearm? And he says no. Turns out in 17, he battered someone with a firearm. Does that come in automatically, even though it's 50 years old? I think there's an absolute approach to the government's argument that has no limits, that's kind of chilling. And I think 404B shouldn't be circumvented so easily. Does it matter how old it was? I mistakenly asked about drugs earlier. I think you're right. The question was about a firearm. But does it make a difference how old it is to counter a categorical statement? So if I say, in other words, it kind of opened the door. I've never, ever done this. And suppose you've got a firearm conviction 50 years old. Well, that directly counters it. And it's different from using it in the 404B context. Right. I get your point. And I'll be the first to admit that he made other statements that weren't fully truthful to the police. About what type of car he was driving, things of like that nature. That's such weak evidence, first of all. But sometimes when confronted with authority, and we've had these situations where you get pulled over the police, it's scary. And some people recede into their shell. And so my concern is, is that yes, he's saying things that aren't fully accurate, true, and complete. But he doesn't have the benefit of counsel. He's waived his rights. But there's an extreme to that. And the problem is, is at closing argument, you have the prosecutor arguing to the jury things that are naked propensity evidence. And let me just read you a very brief part. Prosecutor argued, he also said that he's never been possessed a firearm. He played guilty aggravated battery using a firearm. That's not something you forget. He knew that he's possessed a firearm before. He knew that he owned it. But he's distancing himself from the crime. All these statements by the defendant are not statements of an innocent person, end quote. And they're not statements of an innocent person, because yeah, he was a bad person when he was 17, right? So he must be a bad person in his 40s. It's that kind of dog whistle to the jury. Hey, this is a bad guy, so convict him. It's also a classic credibility argument. It's, I think it's weak credibility evidence. Okay, but that doesn't, yeah. And he, of course, he doesn't testify. So the idea that anytime you have someone talk to the police, you're going to take these negative inferences, just because he's not fully accurate and complete in every question. I think you're going to always have these circumvention of what 404B is trying to do, which is to get away from the propensity evidence. I think it'd be different if there was a specific reason that you're rebutting his mental state. Here, for example, we cite to a case, the Abdulah case, where the defendant there, he said, I was entrapped. I didn't have the gun. I was entrapped. And so they need to come back and rebut that, the government does. And I think that's fair. But here, my client just said, I didn't do it. Well, could it have been a prospective defense, too? I mean, could the government have been thinking this could come out at trial, his exculpatory statement? For instance, through the testimony, I know it'd be hearsay, but through the testimony of the officer, you know, in a cross-examination, well, what did he say? He said, I've never possessed a firearm before. And so maybe it was one of those situations in which was predicting that possibly we need to present this evidence in order to counter what could be a defense at trial. So the detective in your hypothetical is trying to bait my client into getting this evidence? Yeah, defense counsel makes a mistake and actually asks the question. Actually asks the question, well, what did he say in response? He said he's never owned a gun. And then uses that as exculpatory evidence. Right, you know, I don't think that's what happened here. But I see your concern. I see your concern. If there's no other questions, I'd like to reserve the remainder of time for rebuttal. Thank you. Mr. Hurst. May it please the court. Ben Hurst for the United States. This court should affirm for three reasons. First, the evidence of the prior conviction was integral to showing that the defendant's statement that he had not ever possessed a firearm before was false. And that false exculpatory statement was admissible evidence to show his consciousness of guilt in this case. Second, the evidence was admissible to show his knowledge that what he had was a firearm and his intent to possess it. And the passage of time did not diminish the relevance of the evidence for that reason. And third, to the extent that the district court did err, the evidence that was introduced was a small piece of the case. That the heard defense counsel states weak. That's additional reason to show that it didn't make a substantial impact on the jury's verdict. And therefore, any error was harmless. And the court should be affirmed for that reason as well. Taking the first point on the intrinsic evidence, this court has made clear that defendant's false exculpatory statement to an officer is intrinsic evidence of the defendant's guilt or guilty conscience. And it's admissible for that purpose. Well, you're going a bridge too far for me. Because on consciousness of guilt, you know, if I'm completely innocent and I've never possessed your gun, I think I might say, no, I've never possessed a gun. Right? So the consciousness of guilt, I don't know if it's not intrinsic to the crime. It's a different crime. So that's one problem with intrinsic evidence. And the other problem is, is I'm not so sure how well it shows consciousness of guilt either. Because an innocent person and a guilty person might say the exact same thing. Third point, Your Honor, I think that on the question of whether it shows consciousness of guilt, if the defendant here was asked the detective, what are you investigating me for? And the detective says, possession of a firearm by a felon. And so the defendant knows that he's got a prior conviction for aggravated assault, where he shot a pregnant woman in the abdomen. This is not the sort of thing that one forgets about, even if it is some period in the past. And the defendant makes that false exculpatory. Makes the statement to the officer. The officer says, have you ever possessed a firearm? Have you ever owned a firearm? Defendant says, no. At that point, the defendant is doing that because, the inference goes, that he understands that to admit the firearm's presence would tie him more closely to the more recent shooting that's just occurred. And the important thing here is that it doesn't have to be full 100% proof of guilt. It just has to be relevant for that purpose to pass 401. And once it passes 401, and it's more probative than not being substantially outweighed by the prejudicial effect, it's up to the jury to determine what weight to give it. So counsel, let me ask you this. Your brief has one, two, three, four, four and a half pages of citations. Which guarantees that, at least not in poor argument, will I have looked at them. So give me a case which calls your argument about consciousness of guilt intrinsic from the standpoint of the 404-B analysis. Your Honor, I think I'd point the court to- I mean, I want a case that calls it an intrinsic evidence. I can't say that I- I'm hedging, Your Honor, not because I don't think there are cases that say this kind of false exculpatory statement does not need to be proved up under the rubric of 404-B. I'm not talking about the point. We raised the point without calling it intrinsic evidence. I don't know how many opinions I've authored in 30 years which address the intrinsic evidence question, and I've never seen it in this context. So I want a case that supports your notion that this is intrinsic evidence because- I understand your question, Your Honor. I don't know that I can point the court to a case for the precise question the Your Honor is asking. I don't know why you called it intrinsic evidence, then, if you didn't have a case that said that. Well, in my view, Your Honor, it's intrinsic because it is not- it's not related to this crime. That's 99% of the intrinsic evidence authorities. Your Honor, I think I'd point the court- I can't say for sure. My mind is- Oh, that's all right. But this- I would point the court- Just go on. But I think you- you lost me in your brief by calling this an intrinsic evidence issue. Your Honor, just for point- just for information. I think that if you look at the Romulus Bradley case and the Frost case, I think both of those cases go to the point that I was trying to make in the brief, which is that when you make a false exculpatory statement to an officer- I understand that. What you're- what you're doing is not subject to the 404B analysis, which is the point I was trying to make. And I think that was- that was what we're saying. We're saying it's intrinsic. We're saying it's not a question of the prior impermissible- I'm just saying, be careful. Yeah. When you're writing- when you're writing briefs, don't grab a term of art that sounds good and plug it into the argument you want to make. Because about 95% of the time, it just gets you in trouble. On that- on that note, the statement of- they make about consciousness of guilt is a little more nuanced, I think, than- than- than what we were talking about earlier, which is it's not consciousness of guilt because he said it, right? Because an innocent person could say the exact same thing. It's consciousness of guilt because you can prove that the statement was false. That's why it's consciousness of guilt. I just want to make sure that I'm on the- on the same page with you. I absolutely agree with your honor that- that why it's conscious- why it shows consciousness of guilt is that we can prove that it's false. If I didn't make that clear, I apologize. That's- that's precisely the point. That's why I raised that other point, because I was having difficulty with it. Understand your point, your honor. And so- and so, with respect to the intrinsic evidence, the- the one hypothetical- No, just go on. Enough said. Your honor, I would suggest to the court that the evidence is also admissible under Rule 404b, because it goes to show the defendant's knowledge of the firearm and intent to possess it. There are many cases where this court has said that, and that prior possession of a firearm is indicative of knowledge of possession of a firearm in a future occasion. And in those cases, the court- the important thing to recognize about those cases is that the- the four-part test is a rubric to be weighed one against the other to help the court determine, the district court, whether the prior conviction is being offered for any permissible purpose other than the impermissible character inference. And so, it's not a question of an independent requirement that the conviction not be too old, but about how the prior conviction fits together with the relevance and the- and the permissible purpose for which the- the conviction is being offered. So- But- but staleness goes into that analysis, right? Absolutely, your honor. And- and- but the reason that the staleness has a limited effect in this case is because of the way the evidence is relevant. Your court will look at its prior cases involving prior convictions that are older than 13 years. It will see that many of those cases involve firearms, and that's because the inference that one can draw from prior firearm possession doesn't get less relevant with age. So, the court has- has said in Walker and in the- Well, I- I suspect quite a few district judges in the circuit would- would not have admitted it under 404B on the intent argument. As opposed to the false exculpatory argument. Well, and- and your honor, of course, both arguments are present here, but it's also highlights this court's review of what the district court did. It's not de novo, but it's for- That's right. A piece of discretion. That's right. And so- and lastly, I- I would just highlight the fact that to the extent there was error here, it was harmless. This was a small piece of the government's case. It doesn't go to- there was eyewitness testimony of the defendant possessing a firearm. The defendant, as the defense counsel noted, made many other false exculpatory statements. He said he'd never been to the PR bar. He said he didn't know anything about the Mercedes that many witnesses saw him driving. Those pieces, and then the government tied the defendant to the firearm that he was possessing from its initial purchase to a friend of his. And putting those pieces together, and the limited- supported the false exculpatory statement, is that that is how the court, or the government, referred to it whenever it brought it up during the case. It would say, not, this defendant is a violent person, or this defendant is a liar, or a person who just illegally possesses firearms all the time. But it would say, this is a defendant who lied to a detective about having possessed a firearm in the past, and he did that because he was conscious of his guilt in his case and wanted to distance himself from it. Um, like defense counsel, I'm prepared to take the court's questions about the second two issues, but I submit them on the briefs if the court has no questions. What, what was the, you just said, you just said it was harmless error because, because he admitted it. What, what was the, what was the overwhelming evidence on the gun count? Your Honor, there were several witnesses who saw the defendant possess a firearm. Other witnesses identified the defendant as the person um, who had been in possession of the firearm after seeing it in a photo lineup. The government saw that the evidence, or found the person who initially purchased the firearm, and traced that firearm from the person who purchased it through a third party to a friend of the defendant's. And then lastly, there were the additional false exculpatory statements that the court, that the court admitted. And I'll note that the district court here actually gave a false exculpatory statement instruction, and that neither the instruction nor the admission of the statement are being challenged by the defendant in this case. I see my time has expired. I'm happy to take additional questions, but we'd ask the court to affirm. Thank you. Mr. Goldberg, I see you've got a minute and a half here. Thank you, Your Honor. A couple points briefly. I think I need to persuade this court on the issue about the false exculpatory statement. So I'd like to go back to that briefly. There's just a leap of logic there. Let's say my client would have been charged with money laundering. And the same question was asked about a gun. And he failed to recount this event that occurred 23 years ago. Does that mean he has consciousness of guilt about money laundering? I don't think so. And the only way it becomes relevant to his state of mind is that propensity reasoning. He did it once, he did it again. And I just don't see how we get around that. As far as the harmlessness argument goes, even the government admits in a brief that the testimony, quote, conflicted with one another, end quote. And what you have at this event is a lot of people drinking to excess. You have one person vomiting. They drank so much. You have a bar girl. There's been so much drinking. And the victim gets kicked in the head. He's been drinking several whiskey drinks. And so we briefed this pretty strongly. I don't think the issue is harmless. And I do think the district court erred in admitting this type of naked propensity evidence. Unless there's other questions, Your Honor, I see my time's running up. Very good. Thank you. Thank you, Your Honor. Case has been effectively briefed and argued. Argument is helpful, as always. And we'll take it under advisement.